### 13625. STRICKLAND *v.* STRICKLAND.

STEPHENS, J. 1. Where, in a suit to recover upon a common-law award, which alleged that certain differences between the plaintiff and the defendant, without naming the amount in controversy, had been submitted to arbitration, it did not appear from the petition that the amount in controversy was over $500, it was not error to overrule a demurrer to the petition, upon the ground that the petition alleged an oral submission to arbitration of a controversy exceeding $500.

2. Where parties have agreed to submit their differences to arbitration, an acceptance of the award of the arbitrators is unnecessary, since the agreement to arbitrate implies that both parties to the agreement will accept the award. In a suit by the party in whose favor the award is made, to recover the amount awarded, it is no defense that the plaintiff, at one time after the award was made, refused to accept the award, or that the defendant himself refused to accept the award.

3. It is no ground of objection to the admission in evidence of the award of the arbitrators that the award does not disclose the nature of the agreement to arbitrate.

4. Where the award itself was introduced in evidence, the admission of hearsay testimony by one of the witnesses, as to the amount of the award, which knowledge was obtained by the witness from one of the arbitrators, was cured by the admission of the award, and was therefore not reversible error.

5. The court did not err in its rulings upon the admission and rejection of testimony; and since the plaintiff by undisputed evidence proved the submission to arbitration and the award of the arbitrators, a verdict for the plaintiff was properly directed.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*
DECIDED FEBRUARY 27, 1923.

Action on award; from city court of Bainbridge — Judge Spooner. March 31, 1922.

*A. E. Thornton,* for plaintiff in error. *H. G. Bell,* contra.